# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYLE T. J. MAYFIELD,

        Plaintiff,    :    Case No. 3-21-cv-286

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

    :

        Defendants.

## REPORT AND RECOMMENDATION

This case is before the Court for initial screening prior to issuance of process.

Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. 28 U.S.C. § 1915(e)(2), as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA"), reads as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989). In deciding whether a complaint is "frivolous," that is, the Court does not consider whether a plaintiff

has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir. 1997); *Franklin v. Murphy,* 745 F.2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Dismissal is permitted under § 1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F.2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985). § 1915(e)(2) does not apply to the complaint of a non-prisoner litigant who does not seek *in forma pauperis* status. *Benson v. O'Brian,* 179 F.3d 1014 (6th Cir. 1999). Filing an *in forma pauperis* application tolls the statute of limitations. *Powell v. Jacor Communications Corporate,* 320 F.3d 599 (6th Cir. 2003)(diversity cases); *Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir. 1998)(federal question cases).

On October 19, 2021, the date the case was filed, the Clerk sent Plaintiff a Notice of Deficiency (ECF No. 2) which listed additional forms required to be filed: a Civil Cover Sheet, Summons or waiver of service forms and Marshal Service Forms (USM-285) for each of the indicated Defendants. The Clerk asked that these forms be provided within thirty days. A month later on November 18, 2021, Plaintiff responded with a Request for Extension of Time within which to comply the request did not ask for a specific amount of time, but generally complained of the lack of legal assistance at the Montgomery County Jail (ECF No. 4). On November 30,

2021, Plaintiff filed an Application to Proceed *in forma pauperis* which was prepared on a form provided by the Clerk (ECF No. 5). The docket notes, however, that the Application was not accompanied by the required Civil Cover Sheet, Summons Form, or US Marshal 285 Form. On December 14, 2021, District Judge Newman granted the Application to Proceed *in forma pauperis*, but directed that service be held pending initial review under 28 U.S.C. § 1915. In an Order filed the same day, Magistrate Judge Silvain directed Plaintiff to the on-line *pro se* handbook for models of the forms Plaintiff had still not filed.

As of March 7, 2022, Plaintiff still had not corrected the deficiencies in his initial filing. The Court ordered the Clerk to send Plaintiff the necessary forms and provided "If Plaintiff fails to complete these forms and return them to the Clerk by March 31, 2022, the undersigned will recommend the case be dismissed for want of prosecution." (ECF No. 8). Plaintiff has now filed a Request for Issuance of Summons (ECF No. 11), a Civil Cover Sheet (ECF No. 12), and a Letter to the undersigned (ECF No. 13).

Upon examination of these filings, the Magistrate Judge finds Plaintiff still has not complied with prior orders regarding documents to initiate the case. Nonetheless, the Court will proceed with initial screening under the PLRA to determine if process should issue.

**Analysis of the Complaint**

Plaintiff is an inmate at the Montgomery County Jail awaiting trial on serious felony charges of child sexual abuse which he vigorously disputes. In this case he has sued the State of Ohio, the Montgomery County Jail, and the Englewood Police Department. Fed.R.Civ.P. 8 provides:

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Instead of a complaint in conformity with this Rule, Plaintiff's Complaint is a thirty-page narrative of the alleged wrongs committed against Plaintiff by various persons associated with his prosecution, including the Englewood Police, the Montgomery County Jail, and the judges, prosecutors, and defense counsel associated with his criminal case (Complaint, ECF No. 1, PageID 5). Instead of particularizing which people committed which acts when, all are lumped together in one narrative. When Plaintiff comes to the section of his Complaint labeled "Grievances," Plaintiff attempts to incorporate by reference "as if fully rewritten herein" his Grievances at the Montgomery County Jail: Numbers 8,039,141; 8,810,796; 8,817,933; 9,082,079; and 9, 218, 004 as well as entire case record in Montgomery County Case No. 2019-CR-03989 (ECF No. 1, PageID 7). Plaintiff does not attach copies of any of those documents.

Plaintiff seeks unspecified money damages for the various wrongs committed against him and asks this Court to release him on his own recognizance. *Id.* at PageID 12.

There follows a thirteen-page detailed factual account of an incident at the Montgomery County Jail on July 9, 2021, involving Plaintiff and various jail personnel ("Affidavit of Complaint," ECF No. 1, PageID 15-27). None of the other alleged wrongs mentioned in the Complaint is covered in the balance of the Complaint, but Plaintiff indicates his intention to file further "Affidavits of Complaint." The "Affidavit" is not notarized nor does it follow the required

4

form for a declaration under penalty of perjury (See 28 U.S.C. § 1746).

**Letter to Judge Rice**

Filed with the Complaint is a twenty-page letter to The Honorable Walter H. Rice which Plaintiff has marked "Eyes Only – Confidential." (ECF No. 1-1, PageID 31). The Clerk has filed this Letter under seal in accordance with the Plaintiff's wishes.

Judge Rice has not read this letter and is not permitted to do so by the federal Code of Judicial Conduct. First of all, this case is not assigned to Judge Rice, but to District Judge Michael Newman, and has been since its filing. Second, even if the case were assigned to Judge Rice, it is a serious ethical violation known as considering *ex parte* communications for a judge to read correspondence or anything having to do with the merits of a case that has not been seen by the other parties to the case. The Letter has not been read by the undersigned.

The Court cannot keep this Letter under seal because no judge approved filing it under seal in the first place. *Shane Group., Inc., v. Blue Cross Blue Shield of Michigan,* 825 F.3d 299, 306 (6th Cir. 2016)(Kethledge, J.).

Having examined the Complaint under the PLRA, the Magistrate Judge concludes the Complaint should be dismissed for the following non-exclusive reasons.

**Eleventh Amendment**

First of all, the Eleventh Amendment to the United States Constitution prevents suit against a State with certain exceptions not applicable here. The Eleventh Amendment to the United States

Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan,* 851 F.2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459 (1945); *Quern v. Jordan*, 440 U.S. 332 (1979). The Eleventh Amendment is a jurisdictional bar which federal courts must raise *sua sponte*. *Fairport Int'l Exploration, Inc., v. Shipwrecked Vessel Known as the Captain Lawrence,* 105 F.3d 1078, 1082 (6th Cir. 1997); *Wilson-Jones v. Caviness*, 99 F.3d 203 (6th Cir. 1996). Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. 1983. *Cowan v. University of Louisville School of Medicine*, 900 F.2d 936, 940-41 (6th Cir. 1990), *citing Quern v. Jordan,* 440 U.S. 332 at 341.

Plaintiff's claims against the State of Ohio must be dismissed as barred by the Eleventh Amendment.

**Montgomery County Jail and Englewood Police Department Are Not *Sui Juris***

Plaintiff also attempts to sue the Montgomery County Jail and the Englewood Police

Department. These portions of the Complaint do not state a claim upon which relief can be granted. Neither one of these entities is capable of being sued. See, for example, *Williams v. Dayton Police Dept.,* 680 F. Supp. 1075 (S. D. Ohio 1987)(Rice, J.)(holding the Dayton Police Department is not *sui juris*). While correctional personnel or police officers can be sued for acts committed in their official capacities which violated constitutional rights, a plaintiff cannot sue the collective entity of which they are a part.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommended the Complaint herein be dismissed with prejudice as barred by the Eleventh Amendment as to the State of Ohio and for failure to state a claim upon which relief can be granted as to the Montgomery County Jail and the Englewood Police Department. Plaintiff's Request for the Issuance of Summons (ECF No. 11) is DENIED and the Clerk is ordered not to issue process in this case without further order from the Court.

March 31, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #