# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYLE T. J. MAYFIELD,

        Plaintiff,      :    Case No. 3-21-cv-286

  - vs -                          District Judge Michael J. Newman
                                   Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

                                 :

        Defendants.

## SUPPLEMENTAL REPORT AND RECOMMENDATION

      This case is before the Court on Plaintiff's Objections (ECF No. 17) to the Magistrate Judge's Report and Recommendations (ECF No. 14).  District Judge Newman has recommitted the case for reconsideration by the Magistrate Judge in light of the Objections (ECF No. 18).

      Plaintiff is an inmate at the Montgomery County Jail awaiting trial on charges of child sexual abuse and is therefore a prisoner within the meaning of the Prison Litigation Reform Act. Reviewing the Complaint prior to issuance of process under the PLRA, the Magistrate Judge recommended the suit be dismissed as to Defendant State of Ohio because suit in federal court against a State is barred by the Eleventh Amendment.  The sole remaining named Defendants are the Montgomery County Jail and the Englewood Police Department, neither of which is a suable entity (Report and Recommendations, ECF No. 14).

      The Report in part criticized Mayfield's attempt to communicate in secret with The Honorable Walter H. Rice, noting that the Code of Judicial Conduct forbid federal judges to

consider *ex parte* communications from parties to cases. Mayfield objects that Judge Rice is an elected public official and that he, as a citizen, has the right to reach out to public officials as a whistleblower to expose corruption. Mayfield is in error on several counts. Walter Rice was appointed, not elected, as a federal judge in June 1980 by President Jimmy Carter. Whatever rights citizens may have to communicate with federal judges, they have no right to do so in sealed secret filings in federal cases.

Mayfield argues that on its face the Eleventh Amendment reads as if it prevents a citizen of one State from suing another State. The Magistrate Judge agrees with that facial reading. However for well over one hundred years the United States Supreme Court has held it also applied to suing the State of which one is himself or herself a citizen. *Papasan v. Allain,* 478 U.S. 265, 276 (1986); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670 (1982). This Court is without authority to adopt an interpretation contrary to that of the Supreme Court. Trial courts are obliged to follow precedent set by the Supreme Court and Courts of Appeals. "Unless we wish anarchy to prevail within the federal judicial system, a precedent of this Court must be followed by the lower federal courts no matter how misguided the judges of those courts may think it to be." *Hutto v. Davis*, 454 U.S. 370, 375 (1982); *Litman v. Massachusetts Mut. Life Ins. Co.*, 825 F.2d 1506 (11th Cir. 1987). See *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U. S. 477, 484 (1989)*,* cited for this proposition by Justice Kavanaugh in his concurrence in *Ramos*.

The Report recommended dismissing the case as to the Montgomery County Jail and the Englewood Police Department. Mayfield asserts he has overcome that barrier by "nam[ing] the parties liable for their actions." (Objections, ECF No. 17, PageID 152). Not so. Mayfield has never sought to amend the Complaint to name suable parties, much less provided process to be

served on them.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that Mayfield's Objections be overruled and the Complaint be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 20, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.