# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

KYLE T. J. MAYFIELD,

        Plaintiff,    :    Case No. 3-21-cv-286

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

STATE OF OHIO, et al.,

    :

        Defendants.

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff's Objections (ECF No. 20) to the Magistrate Judge's Supplemental Report and Recommendations ("Supp R&R," ECF No. 19). District Judge Newman has recommitted the case for reconsideration by the Magistrate Judge in light of the Objections (ECF No. 22).

The Supp. R&R found that Plaintiff is a prisoner within the meaning of the Prison Litigation Reform Act of 1996, awaiting trial on charges of child sexual abuse (ECF No. 19, PageID 159). Plaintiff objects that the mere mention of the nature of the charges against him "begs the question of his [the Magistrate Judge's] objectiveness in this opinion and his competance [sic] as well as his adherence to his duties and responsibilities not only to the case but to the citizens he serves." (ECF No. 20, PageID 162-63). Beyond that, he asserts my objectiveness and competence are called into question by the Court's speaking of him as "Mayfield," instead of "Mr. Mayfield." *Id.* Use of a party's last name without the honorific is common practice in judicial writing.

Plaintiff complains of the Magistrate Judge's criticism of his attempts to communicate with District Judge Rice confidentially. Judge Rice is not assigned to this case. Plaintiff does not dispute that his attempted communication was relative to the merits of this case. Plaintiff claims he did not attempt to keep the communication secret, but the letter in question is plainly labeled "Attn: Hon. Walter H. Rice/Eyes Only/Confidential." (ECF No. 1-1, PageID 31). Plaintiff's strongly held belief that he can freely communicate in confidence to a federal judge about a pending case is simply not correct as a matter of law.

The three named Defendants in this case are the State of Ohio, the Montgomery County Jail, and the Englewood Police Department. The Reports have recommended dismissing the State because it is immune from federal suit under the Eleventh Amendment and the other two Defendants because they are not *sui juris*. Plaintiff brushes that aside and says he has made claims of violation of constitutional rights against state officials acting in their official capacities (Objections, ECF No. 20, PageID 164). Perhaps that is what Plaintiff intended to do, but he has not named as a defendant any state actor. While Plaintiff asserts these entities are liable for the acts of their employees, standing alone that is simply not the law.

**Conclusion**

Having reconsidered the matter as directed, the Magistrate Judge remains persuaded that the State of Ohio is immune from suit in federal court and the remaining Defendants are not *sui juris*. The case should be dismissed.

May 9, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.