UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

KYLE T. J. MAYFIELD,

    Plaintiff,                                    Case No. 3:21-cv-286

vs.

STATE OF OHIO, *et al.*,                  District Judge Michael J. Newman
                                                   Magistrate Judge Michael R. Merz

    Defendants.

**ORDER: (1) ADOPTING THE FIRST AND SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE (DOC. NOS. 19, 24); (2) OVERRULING PLAINTIFF'S OBJECTIONS (DOC. NO. 27); (3) DISMISSING WITH PREJUDICE PLAINTIFF'S COMPLAINT; AND (4) GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (DOC. NO. 27)**

This case is before the Court on the first and second supplemental Report and Recommendations issued by United States Magistrate Judge Michael R. Merz, to whom this case was referred under 28 U.S.C. § 636(b). Doc. Nos. 19, 24. Judge Merz has again recommended that the Court dismiss with prejudice *pro se* Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). Doc. Nos. 19, 24. Judge Merz also denied Plaintiff's motion for leave to file an amended complaint upon finding his proposed amendments would be futile or procedurally improper. Doc. No. 25. Plaintiff objected to Judge Merz's first and second supplemental Report and Recommendations and filed a second motion for leave to file an amended complaint. Doc. Nos. 27, 28.

Upon careful *de novo* consideration of the foregoing, the Court determines that the Report and Recommendations should be adopted and that Plaintiff's objections be overruled. Accordingly, it is hereby **ORDERED** that (1) the first and second supplemental Report and

Recommendations are **ADOPTED** in full (Doc. Nos. 19, 24) and (2) Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

The Court will, however, permit Plaintiff to bring some, but not all, of his proposed amended claims. Doc. No. 27. Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be denied if amendment would be futile or the revised allegations would not survive a motion to dismiss. *See Fisher v. Roberts*, 125 F.3d 974, 978 (6th Cir. 1997). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Judge Merz divided Plaintiff's proposed amended claims into three categories: (1) those against the Montgomery County Sheriff and District Attorney and the City of Englewood police chief; (2) allegations against the Montgomery County public defenders currently representing him in his ongoing state criminal prosecution; and (3) the Montgomery County corrections officers who allegedly harmed him. Doc. No. 25 at PageID 193–98. Leave to bring claims against the first two categories of individuals would be futile. *Id.* at PageID 193–95. Plaintiff's complaint, his subsequent filings, and second motion for leave to file an amended complaint fail to allege any hint that leaders of the various departments he names participated in the alleged constitutional violations. *See, e.g.*, *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008) ("At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers" (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999))). As Judge Merz explained, Plaintiff cannot sue his current defense counsel under 42 U.S.C. § 1983 unless and until he is acquitted, or his possible conviction or sentence is declared invalid. *See Heck v. Humphrey*, 512 U.S. 477–478 (1994); *Carr v.*

2

*Louisville-Jefferson Cnty.*, --- F.4th ---, No. 21-5736, 2022 WL 2168432, at *2 (6th Cir. June 16, 2022).

Judge Merz found that Plaintiff's excessive force allegation, though improperly pled under Fed. R. Civ. P. 12, may be sufficient to state a claim under § 1983. Doc. No. 25 at PageID 198. The Court agrees. Plaintiff's motion for leave to file an amended complaint is **GRANTED IN PART** as to his excessive force claim only. Plaintiff **SHALL FILE** an amended complaint setting forth the basis of his excessive force claim on or before **July 29, 2022**.

**IT IS SO ORDERED.**

Date:  June 27, 2022                             s/Michael J. Newman
                                                 Hon. Michael J. Newman
                                                 United States District Judge